**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CLAUDETTE SMITH, | ) | NO. ED CV 08-1890-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on January 6, 2009, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 10, 2009.

Plaintiff filed a motion for summary judgment on May 5, 2009.[1] Defendant filed a cross-motion for summary judgment on June 4, 2009. The Court has taken both motions under submission without oral

---

[1] This document violates the ten-page limit imposed by the Court's scheduling order. Counsel for Plaintiff shall heed Court orders in the future.

argument.  See L.R. 7-15; "Order," filed January 8, 2009.

## BACKGROUND

Plaintiff asserted disability since May 15, 2000, based on a variety of alleged impairments (Administrative Record ("A.R.") 70-73, 668-90).  Following the most recent Court-ordered remand, the Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 606-25, 929-56).

The ALJ found that Plaintiff "worked and engaged in substantial gainful activity" at all relevant times through 2006 (A.R. 617).  The ALJ also determined that Plaintiff retains the residual functional capacity for light work with certain restrictions, including limitations to "occasionally to frequently perform[ing] fine finger movements with the right upper extremity" and performing "moderately complex tasks consisting of 4-5 steps that are repetitive" (A.R. 611).  Relying on the vocational expert's testimony, the ALJ concluded Plaintiff can perform the jobs of cashier II, small product assembler, and bench assembler (A.R. 624).  Each job exists in significant numbers (A.R. 624, 955).  The Appeals Council denied review (A.R. 603-05).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's

findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

    This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion."  Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

    After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from

material[2] legal error.

**I.   Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

Amid dramatically inconsistent testimony by Plaintiff, the ALJ properly found Plaintiff actually worked through 2006 (A.R. 614-17). This finding establishes Plaintiff was not disabled during that time. See 20 C.F.R. § 404.1520(a)(4)(i).

In any event, substantial medical evidence demonstrates Plaintiff has been able to work at all times material to the ALJ's decision. Treating and examining physicians rendered opinions not materially inconsistent with the ALJ's findings (See, e.g., A.R. 871-72, 874-97). The medical expert opined Plaintiff retains the residual functional capacity found to exist by the ALJ (A.R. 933-35). Other non-examining physicians found Plaintiff retains even greater capacity (A.R. 132-42).[3]

Although the medical evidence of record is not entirely consistent, the ALJ properly resolved any inconsistencies. Because the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991).

[3] Where, as here, the opinion of a non-examining expert does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d at 1130 n.2.

4

Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

**II.  Plaintiff's Various Arguments Are Unavailing.**[4]

Plaintiff argues that the ALJ erred by relying on vocational expert testimony that assertedly conflicted with the Dictionary of Occupational Titles ("DOT"). No material error occurred.

Social Security Ruling 00-4p provides:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire on the record, as to whether or not there is such consistency.

///
///

---

[4] The Court has considered all of Plaintiff's arguments and has found those arguments unpersuasive. The Court discusses Plaintiff's principal arguments herein.

1  "The procedural requirements of SSR 00-4p ensure that the record is
2  clear as to why an ALJ relied on a vocational expert's testimony,
3  particularly in cases where the expert's testimony conflicts with the
4  [DOT]."  Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

6     In the present case, the ALJ failed to inquire whether or not
7  there existed any inconsistency between the vocational expert's
8  opinions and the DOT (A.R. 953-56).  The materiality of this
9  procedural error depends on whether, as to each job identified, there
10 existed an "apparent unresolved conflict" between the vocational
11 expert's opinions and the DOT.

13     There was no "apparent unresolved conflict" between the
14 vocational expert's opinions and the DOT with respect to the bench
15 assembler job.  Plaintiff's capacity "occasionally to frequently [to]
16 perform fine finger movements with the right upper extremity" is not
17 inconsistent with the DOT.  The DOT indicates that the bench assembly
18 job requires fingering frequently, i.e., one-third to two-thirds of
19 the time.  See DOT 706.684-042.  Plaintiff's capacity suggests that
20 she can perform fingering with her right hand more than one-third of
21 the time and perhaps up to two-thirds of the time.  The DOT does not
22 indicate that a person of such capacity would be unable to perform any
23 bench assembly jobs.

25     There also was no "apparent unresolved conflict" with respect to
26 the cashier II job.  The above analysis of the fingering issue applies
27 equally to the cashier II position.  See DOT 211.462-010.  Further,
28 Plaintiff has failed to support with any citation of authority

Plaintiff's argument that the DOT's level 3 reasoning specification for the cashier II job conflicts with the limitation of Plaintiff to 4-5-step repetitive tasks. No such conflict is apparent. Accordingly, the ALJ's procedural error under SSR 00-4p was harmless.[5]

Plaintiff argues that the ALJ failed properly to consider Plaintiff's obesity. No material error occurred. The ALJ expressly considered Plaintiff's obesity, and discussed the relevant medical evidence (A.R. 611-18, 621-23). The law does not require more. See, e.g., Burch v. Barnhart, 400 F.3d 676, 684 (9th Cir. 2005). Moreover, Plaintiff has failed to prove that her obesity entailed any additional limitation beyond those limitations the ALJ found to exist. Any error in the ALJ's obesity-related analysis was harmless.

Plaintiff argues the ALJ erred in failing to find that Plaintiff's combination of impairments somehow met or equaled a listing. Again, no material error occurred.

Plaintiff has the burden of demonstrating disability under the Listings. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); see Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) (burden is on the claimant to show that his or her impairment meets all of the specified medical criteria for a listing, or present medical findings equal in severity to all the criteria for the one most similar listed impairment); Johnson v. Barnhart, 390 F.3d

---

[5] There may have been an "apparent unresolved conflict" with respect to the small product assembler job, but any error with respect to this job was harmless.

1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing.").

Plaintiff failed to carry this burden with respect to any listing, including but not limited to, Listings 1.04 and 12.04. Plaintiff's contrary arguments ignore the ALJ's findings and invite the Court to read the medical record in the light most favorable to the Plaintiff. As previously stated, when the medical record is susceptible to a reasonable interpretation supportive of the ALJ's findings, the Court must affirm those findings. The ALJ's Listings-related discussion sufficed under the circumstances of this case. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the [Administration], as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments. The [Administration's] four page 'evaluation of the evidence' is an adequate statement of the 'foundations on which the ultimate factual conclusions are based'"); see also Young v. Sullivan, 911 F.2d 180, 185 n.2 (9th Cir. 1990) ("This case does not involve the refusal to credit a finding made by an alternative diagnostic technique or multiple impairments. Therefore, we find that the circumstances of this case make more detailed findings regarding equivalence unnecessary"); Key v. Heckler, 754 F.2d 1545, 1549 n.2 (9th Cir. 1985) ("the ALJ examined the medical reports submitted by the various physicians and concluded that the preponderance of the evidence did not establish the existence of the findings necessary to support a showing of disability under the Listing of Impairments").
///
///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  June 12, 2009.


                                        _____/S/_____
                                                   CHARLES F. EICK
                                      UNITED STATES MAGISTRATE JUDGE